Milton A. Wiltse, J.
Defendant was convicted on January 8, 1960 of violation of subdivision 3 of section 56 of the Vehicle and Traffic Law, after a trial before Honorable Chester A. Paul, Justice of the Peace of the Town of Pamelia. From the judgment of conviction entered on that date, he has appealed.
The defendant was arraigned on April 1, 1959, upon an information charging him with the aforesaid violation. At the request of the defendant and his father, the proceedings were adjourned from time to time. On December 21,1959, the defendant was advised, in writing, by the Justice of the Peace that he should appear on December 28,1959, with an attorney, for some disposition of the case. It developed that the attorney then appearing with him had been retained on December 22 and that he had not been represented by counsel until then. On December 28, the Justice of the Peace gave the defendant and his counsel a choice of the dates of January 7 and 8 for trial. *9 January 8 was selected. Both on December 28 and January 8, the defendant moved for dismissal of the information on the grounds that he had been denied his right to a speedy trial, by reason of the People’s failure to timely prosecute the charge. The motions were denied.
Denial of same is one of the errors that defendant relies upon for a reversal of the judgment of conviction. It appears that the failure of the People to proceed to trial at an earlier date than January 8 was partially, if not altogether, due to the requests made for adjournment in behalf of the defendant. It is therefore felt that he has waived any serious consideration of that specification of error.
Prior to the commencement of the actual trial on January 8, there was an extended discussion before the court, it appears from the record, between the defense counsel, the defendant and his father, and the Assistant District Attorney who was handling the case. Among other things, this discussion caused a statement to be made at that time by the Assistant District Attorney in the hearing of the Justice of the Peace, the substance of same being that the defendant had been convicted of “ speeding ” on one or two prior occasions. This resulted in a motion for a mistrial. Ordinarily prejudicial remarks of such a nature might be a very serious matter. Here, however, there were unusual circumstances.
The Assistant District Attorney, in discussing with the defense counsel the motion for dismissal of the information for failure to timely prosecute the charge made the aforesaid remarks, stating that both the defendant and his father had asked the court, and him, to adjourn the trial of the matter during the Summer months because of a prior conviction or convictions for speeding. The record indicates that the defendant’s father, during the aforesaid discussion, stated in substance, that he had done so. During the trial, there was no testimony on direct examination regarding any prior convictions. However, defense counsel did ask the Deputy on cross-examination whether he had apprehended the defendant before, to which there was an affirmative answer. The Deputy was also asked on cross-examination whether there was any conversation with the defendant when he was apprehended on this charge, and the Deputy testified that the defendant said to him, “you got me once before”. The sentence under the judgment of conviction was for a first offense of speeding, however.
Under all of these circumstances it does not appear that there was any error in that respect which was prejudicial to any substantial right of the defendant.
*10 The defense further contends that guilt was not established beyond a reasonable doubt.
On the record here, the. contrary appears to be the case. One of the Deputy Sheriffs of Jefferson County testified that he followed the defendant’s car and another vehicle on Route 12 in the Town of Pamelia, from G-len Park in said town into the City of Watertown. The time was about 1 :.45 a.m. in the early morning of April 1,1959; the night was clear and the defendant’s car was within sight of the Deputy at all times, according to. the testimony. Further, the Deputy Sheriff stated that he had been a member of the Sheriff’s department for seven years, had been driving automobiles for 30 years, that during all of this period he had made estimates of the speed of moving vehicles, had checked his estimates with speedometers frequently, and had found that he was ‘ ‘ not over two or three miles, off, one way or the other ’ ’. On this occasion, he ‘ ‘ clocked ’ ’ the defendant’s car over a portion of the distance that he followed it. The distance that he travelled while u clocking ” the defendant’s speed, he stated,, was three fourths of a mile,, in the Town of Pamelia, and he was about 100 yards behind him for that distance, Over said distance the defendant was operating his automobile, according to the speedometer on the Sheriff’s ^ vehicle, between 75 and 80 miles per hour, and. apart from the' speedometer, and not relying on it, he formed an opinion that, the defendant’s car was traveling “ about eighty an hour ” over the three fourths of a mile distance. At the time that the Deputy first noticed and followed the defendant’s car in the Town of Pamelia, he also saw the other car. Both of said cars were traveling on Route 12 toward the City of Watertown, parallel with each other on the highway;, then the defendant’s car pulled ahead of the other car, and within the city limits of Watertown, the other car went ahead of the defendant’s car and a third car which had been proceeding along the same highway ahead of both of those cars. The Deputy Sheriff sounded his siren within the city limits of Watertown, and stopped all three of the vehicles. He further testified that there were no signs along the highway indicating a permissible speed greater than 50 miles per hour. When the Deputy walked oyer to-the defendant’s car, the defendant said to him, “ I guess I have had it ”.
Only the testimony of the Deputy Sheriff was offered by the People. There were no witnesses for the defense..
It appears from the record here that the evidence is sufficient to sustain the conviction. (People v. Heyser, 2 N Y 2d 390.) *11 The other errors alleged by the defendant were not considered prejudicial to any substantial right of the defendant, (Code Crim. Pro., § 764)
The judgment should be affirmed. An order may be entered to conform with the above.